UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONG TAN NGUYEN,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No.  1:25-cv-01872-WBS-EFB

FINDINGS AND RECOMMENDATIONS

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his petition for writ of habeas corpus, petitioner alleges he is a citizen of Vietnam who entered the United States on an unknown date.  ECF No. 1 at 2-3.  He alleges that, in 2005, he was ordered removed back to Vietnam; at some point, he was detained and subsequently released under an order of supervision.  *Id*.  On August 13, 2025, he was arrested by Immigrations and Customs Enforcement (ICE) and is currently detained.  *Id*. at 3.  He alleges that he presently has no scheduled removal date and understands that respondents have been unable to secure any travel documents for petitioner to be removed to Vietnam.  *Id*. at 2.  Petitioner has tendered

1

documentary exhibits indicating that he has established and maintained ties to his community during his time in the United States.  ECF No. 1 at 21-26.

In their opposition to the petition and request for injunctive relief, respondents do not dispute that petitioner is a citizen and native of Vietnam, who, in 2005, was ordered removed to Vietnam by an Immigration Judge.  ECF No. 10 at 2-3.  Respondents do not dispute that petitioner "was previously detained in 2005." *Id*. at 2.  Respondents also do not dispute that, on August 13, 2025, ICE agents took petitioner into custody "to resume the process of removing him to Vietnam." *Id.* at 3.  Respondents acknowledge that, "Petitioner also claims that the Vietnamese government will not issue travel documents to him." *Id.*  Respondents represent that, "the government is arranging for [petitioner's] removal" to Vietnam. *Id*. at 5.

**B.  Procedural Background**

Petitioner initiated this action on December 15, 2025, filing concurrently with his petition for writ of habeas corpus a motion for appointment of counsel and motion to proceed in forma pauperis.  ECF Nos. 1-3.  The undersigned granted the latter two motions and set a deadline for respondents to file an answer or response to the petition, and for petitioner to file a reply.  ECF No. 5.  On January 18, 2026, respondents filed a response to the petition, ECF No. 10, and, on January 21, 2026, petitioner filed a reply.  ECF No. 11.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner asserts four claims for relief.  In his first claim, he alleges that his continued detention violates his Fifth Amendment due process rights because there is no significant likelihood that he will be removed in the foreseeable future.  ECF No. 1 at 13-14.  He

2

alleges in his second claim that his removal to a third country would violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations, and the Administrative Procedures Act. *Id*. at 14-15. In his third claim, petitioner alleges that his removal to a third country would violate his rights under the Fifth and Eighth Amendments. *Id*. at 15-16. In his fourth claim for relief, petitioner alleges that his continued detention violates the due process clause of the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedures Act. *Id*. at 17-18. The undersigned finds petitioner has demonstrated his entitlement to relief and recommends the writ be granted.[1]

### 1. Claim One

In petitioner's first claim for relief, he alleges that his continued detention violates his Fifth Amendment due process rights. ECF No. 1 at 13-14. The undersigned finds petitioner has shown his entitlement to habeas corpus relief by a preponderance of the evidence.

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). "In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." *Id*. "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id*. at 578-79 (quoting 8 U.SC. § 1231(a)(6)).

---

[1] As a preliminary matter, the court notes that although the petition requests injunctive relief as a remedy, petitioner has not moved for a temporary restraining order. *See* ECF No. 1 at 19. In respondents' opposition / response to the petition for writ of habeas corpus, respondents argue petitioner has not shown a temporary restraining order should issue, ECF No. 10 at 4-7, and, in response, petitioner argues that the court should issue a temporary restraining order. ECF No. 11 at 10-14. Given that petitioner is represented by counsel who has not filed a noticed motion requesting a temporary restraining order, *see* Local Rule 231(a), the undersigned construes the parties' arguments concerning the propriety of issuance of a temporary restraining order as supportive of their respective arguments as to whether petitioner has shown his entitlement to relief on the merits of his petition.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 684-86). Recognizing that a statute that permitted indefinite civil detention would run afoul of the due process clause of the Fifth Amendment, the Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Rather,

> [a]fter [a presumptively reasonable] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Here, the parties agree that petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6). ECF No. 1 at 8; ECF No. 10 at 4. The record also demonstrates that petitioner has been detained for more than six months. The parties agree that petitioner was arrested by ICE on August 13, 2025, and that petitioner remains currently detained. ECF No. 1 at 3; ECF No. 10 at 3-4. Respondents' Detainee Locator System also indicates that petitioner remains detained at the Golden State Annex Detention Facility.[2] Thus, the record establishes that petitioner has been detained pending

---

[2] The Court takes judicial notice of the United States Immigration and Customs Enforcement detainee locator system which reflects that petitioner (A025147254) is currently detained at the Golden State Annex Detention Facility. *See* https://locator.ice.gov/odls/#/search (accessed Feb. 25, 2026). The Court may take judicial notice of public records available on

removal for six months, i.e., beyond the period that is presumptively reasonable under *Zadvydas*, 533 U.S. at 689.

Respondents argue that, despite this, petitioner has not shown "'good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future.'" ECF No. 10 at 5 (quoting *Zadvydas*, 533 U.S. at 701). The undersigned disagrees. Petitioner alleges, and respondents concede, that petitioner was ordered removed to Vietnam in 2005, and respondents took no steps to remove him for at least twenty years, until his detention in 2025. *See* ECF No. 1 at 2-3; ECF No. 10 at 2-3. Respondents further do not contest petitioner's allegation that, since petitioner's August 2025 arrest, ICE has contacted the Vietnamese government for travel documents for petitioner and none have issued. *See* ECF No. 1 at 2-3; ECF No. 10; *see generally* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."). Respondents have presented no factual averments or tendered any documentary materials indicating that they have acquired travel documents for petitioner to be repatriated to Vietnam, or that they have taken any steps to acquire such documents. *See generally* ECF No. 10.

On this record, petitioner has met his burden to show "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Courts have generally held that this showing has been made when significant time has elapsed since the removal order was issued and there is no evidence in the record that ICE is actively taking steps to remove the petitioner. *See, e.g.*, *Asfestani v. Current or Acting Field Off.*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025); *Nguyen v. Charles*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *4 (E.D. Cal. Dec. 4, 2025); *Tran v. Noem*, No. 1:25-CV-01523-TLN-CKD, 2025 WL 3268491, at *3 (E.D. Cal. Nov. 24, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *6 (E.D. Cal. Nov. 6, 2025); *Clarke v. Kuplinski*, 184 F. Supp. 3d 255, 260 (E.D. Va. 2016); *Ali v. Barlow*, 446 F.

online inmate locators pursuant to Federal Rule of Civil Procedure 201(b). *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public).

Supp. 2d 604, 611 (E.D. Va. 2006); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 48 (D.D.C. 2002); *see also Nguyen v. Noem*, 797 F. Supp. 3d 651, 669 (N.D. Tex. 2025) (evidence that repatriating country had changed a policy so as to accept more removals and that ICE had sought and obtained travel documents for the petitioner meant that petitioner had not shown no significant likelihood of his removal in the reasonably foreseeable future); *Heng Meng Lin v. Ashcroft*, 247 F. Supp. 2d 679, 686 n.9 (E.D. Pa. 2003) (collecting cases and "not[ing] that statistics on the number of aliens who have been successfully removed to a certain country may not itself demonstrate that an alien will likely be removed to that country in the foreseeable future"). Here, in light of the uncontested record that respondents have not effectuated petitioner's removal in the two decades since the removal order's issuance and the uncontested allegations that respondents have yet to acquire any travel documents authorizing petitioner's removal to Vietnam or anywhere else, petitioner has met his burden to show "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. For the same reasons, respondents have not rebutted this showing. *See id*.; *see, e.g.*, *Nguyen v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-1708 AC P, 2026 WL 292874, at *3 (E.D. Cal. Feb. 4, 2026); *Asfestani*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5. Accordingly, petitioner has shown by a preponderance of the evidence that his current detention violates his rights to due process of law, under the Fifth Amendment, as set forth in *Zadvydas*, 533 U.S. 678. On this basis, the undersigned recommends the writ be granted.

**2. Claim Two**

In his second claim for relief, petitioner alleges that the third country removal procedures to which he may be subject violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations, and the Administrative Procedures Act. ECF No. 1 at 14-15. Respondents offer no opposition to the court granting relief on this claim. *See* ECF No. 10. The undersigned concludes that petitioner has shown his entitlement to habeas corpus relief by a preponderance of the evidence and recommends the writ be granted on this basis.

////

6

In his petition, petitioner alleges that, under current ICE procedures, ICE may deport a noncitizen alien to a country other than that designated on that person's removal order, "without any procedures for notice or an opportunity to be heard if the State Department confirms that it has received diplomatic assurances that individuals will not be persecuted or tortured" in the recipient country. ECF No. 1 at (citing *Y.T.D. v. Andrews*, No. 1:25-cv-1100 JLT SKO, 2025 WL 2675760, at *9 (E.D. Cal. Sept. 18, 2025)). Where no such diplomatic assurances are received, ICE officers are advised they should wait at least twenty-four hours after serving a notice of removal to effectuate removal, but they may effectuate removal in six hours if circumstances are exigent and the alien "is provided reasonable means and opportunity to speak with an attorney prior to removal." *Id.* (citing *Y.T.D.*, 2025 WL 2675760, at *9-10). Petitioner further alleges that ICE officers are "instruct[ed] *not* to ask whether the individual is afraid of removal to that country" and removal is allowed to proceed so long as "the noncitizen 'does not affirmatively state a fear of persecution or torture if removed to the country of removal listed on the Notice of Removal within 24 hours.'" *Id*. (citing *Y.T.D.*, 2025 WL 2675760, at *10). Petitioner contends that this "policy for third-country removals . . . [which] directs ICE agents to remove individuals to third countries without any notice or process at all where diplomatic assurances are received and, where no diplomatic assurances are received, to provide flagrantly insufficient notice (6-24 hours) and opportunity to respond," violates the due process clause of the Fifth Amendment; 8 U.S.C. § 1231; the Convention Against Torture and implementing regulations; and the Administrative Procedures Act. ECF No. 1 at 14-15; *see id*. at 9-12.

A noncitizen alien is entitled to due process of law, under the Fifth Amendment, in removal proceedings. *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam); *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The Court of Appeals has held that "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates . . . the constitutional right to due process." *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999). Pursuant to this principal, many courts have held that "ICE's policy for third-country removals— which provides little to no notice of the country to which a noncitizen is to be removed and no

7

meaningful opportunity to raise a fear-based claim—is incompatible with Ninth Circuit law and violates due process." *Nguyen*, No. 1:25-CV-1708 AC P, 2026 WL 292874, at *4 (collecting cases); *Hernandez v. Bondi*, No. 1:26-CV-00486-TLN-SCR, 2026 WL 252241, at *4 (E.D. Cal. Jan. 30, 2026) (same, collecting cases); *see also Nguyen v. Scott*, 796 F. Supp. 3d 703, 728 (W.D. Wash. 2025); *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1010 (W.D. Wash. 2019); *Daneshfar v. Facility Adm'r*, No. C25-1708-DGE-MLP, 2025 WL 4037745, at *3 (W.D. Wash. Dec. 16, 2025), *report and recommendation adopted*, No. 2:25-CV-01708-DGE-MLP, 2026 WL 71405 (W.D. Wash. Jan. 9, 2026); *Gomez v. Mattos*, No. 2:25-CV-00975-GMN-BNW, 2025 WL 3101994, at *6 (D. Nev. Nov. 6, 2025). The instant case is indistinguishable, as petitioner alleges he is subject to the same policy. *See* ECF No. 1 at 9-12. Because the third country removal policy to which petitioner may be subject provides inadequate notice and opportunity to challenge the choice of country to which he will be removed, particularly in failing to provide petitioner an opportunity to raise a fear-based challenge to that removal, petitioner has shown by a preponderance of the evidence that the policy violates his right to due process. *See Andriasian*, 180 F.3d at 1041. As respondents provide no opposition to petitioner's showing of his entitlement to relief on this claim, *see* ECF No. 10, the undersigned finds petitioner has carried his burden to demonstrate his entitlement to relief on this claim. On this alternative basis, the undersigned recommends the writ be granted.

### 3. Claim Three

In his third claim for relief, petitioner alleges that, to the extent respondents' third-country removal policy is punitive, it violates his rights under the Fifth and Eighth Amendments. ECF No. 1 at 15-16. Again, respondents provide no opposition to this claim for relief. ECF No. 10. The undersigned finds petitioner has shown his entitlement to relief on this claim and recommends the writ be granted on this alternative basis.

In *Wong Wing v. United States*, 163 U.S. 228 (1896), the Supreme Court held invalid a portion of the Chinese Exclusion Act that required certain removable aliens would also receive a term of imprisonment or hard labor before removal. The Court held that due process required that, if the alien is subject to a criminal punishment attendant to his removal from the United

States, he is entitled to a criminal trial with its Fifth and Sixth Amendment guarantees. *Wong Wing*, 163 U.S. at 238; *see also Zadvydas*, 533 U.S. at 694; *Rodriguez v. Robbins*, 804 F.3d 1060, 1076 (9th Cir. 2015), *rev'd sub nom. on other grounds Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that, under *Wong Wing*, "detention [pending removal] may not be punitive").

Petitioner alleges that respondents' third country removal policy is intended to contain a punitive element, as respondents have intentionally removed noncitizen aliens to countries where they will be imprisoned or tortured. ECF No. 1 at 4-6, 15-16. As noted, respondents do not challenge petitioner's factual allegations comprising this claim nor his assertion that he is entitled to relief on it. *See* ECF No. 10; *see generally* Fed. R. Civ. P. 8(b)(6). Accordingly, the undersigned finds that, to the extent respondents' third-country removal policy deliberately seeks to remove noncitizens, like petitioner, to a country where they will be imprisoned or tortured upon arrival, the policy is punitive and violates due process. *See Nguyen*, No. 1:25-CV-1708 AC P, 2026 WL 292874, at *5 (concluding same); *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 3484769, at *10 (W.D. Wash. Dec. 4, 2025) (same). On this alternative ground, as well, the undersigned recommends the writ be granted.

### 4. Claim Four

In his fourth claim for relief, petitioner alleges that his continued detention violates the Due Process clause of the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedures Act. ECF No. 1 at 17-18. Respondent does not oppose the petition on this basis nor offer any opposition to the factual allegations that comprise it. *See* ECF No. 10. For the reasons set forth below, the undersigned recommends the writ be granted on this alternative basis.

As a matter of due process, government agencies are required to follow their own regulations. *See United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The relevant governing regulations, set forth at 8 C.F.R. § 241.13, establish "review procedures for those aliens who are subject to a final order of removal and are detained . . . after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." These regulations provide, inter alia:

> (i) Revocation of release—
> […]
> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.
> (3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i).

Petitioner alleges that, in violation of subdivision (2) of 8 C.F.R. § 241.13(i), respondents detained him without having demonstrated that there was a significant likelihood that petitioner would be removed in the reasonably foreseeable future.  ECF No. 1 at 17.  He also alleges that, violation of 8 C.F.R. § 241.13(i)(3), respondents did not give him notice of the reasons for revoking his supervised release and did not provide him a prompt initial interview to afford petitioner an opportunity to respond to the reasons for revocation.  *Id*.  Respondents do not contest any of these allegations.  ECF No. 10.  Accordingly, the undersigned finds that petitioner has shown by a preponderance of evidence that his due process rights were violated by respondents' detention of him, the process of which violated 8 C.F.R. § 241.13(i).  *See, e.g.*, *Hernandez*, No. 1:26-CV-00486-TLN-SCR, 2026 WL 252241, at *2-4 (holding same); *Asfestani*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (holding same); *Vu*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *7-8 (holding same); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025) (holding same); *see also* *Nguyen*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *4.  The undersigned recommends relief be granted on this claim.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ordered to immediately release petitioner under the previously imposed conditions of supervision.

3) Respondents be ENJOINED AND RESTRAINED from revoking petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and the requirements of due process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11