**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

LONG TAN NGUYEN,

      Petitioner,

  vs.

WARDEN, ET. AL.,

      Respondents.

Case No. 1:25-CV-01872-WBS-EFB

**ORDER**

The Court, having reviewed the Parties' Joint Stipulation of Facts and Joint Request to Vacate Evidentiary Hearing and Resolve Petition on Stipulated Record and Supplemental Briefing [Dkt. 19], and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

**1. Stipulated Facts Adopted.** The following stipulated undisputed facts are adopted by the Court for purposes of resolving Petitioner's Petition for Writ of Habeas Corpus [Dkt. 1]:

    **(a)** Petitioner Long Tan Nguyen is a native and citizen of Vietnam who entered the United States prior to 1995.

    **(b)** In 2005, an Immigration Judge ordered Petitioner removed to Vietnam. The removal order remains in effect.

    **(c)** Following entry of the removal order, Petitioner was initially detained by ICE and subsequently released under an Order of Supervision.

    **(d)** From approximately November 2005 through August 13, 2025, Petitioner reported to ICE as required under his Order of Supervision.

    **(e)** On August 13, 2025, ICE re-detained Petitioner. ICE did not allege that this was for failure to report.

**(f)** Petitioner did not receive written notice of the specific reasons for revocation of his Order of Supervision, as required by 8 C.F.R. § 241.13(i).

**(g)** An informal interview (panel review) was conducted, but not until approximately December 23, 2025. No informal interview was conducted at or near the time of initial re-detention.

**(h)** ICE requested travel documents from the Vietnamese government for Petitioner's removal on December 23, 2025. As of the date of the Joint Stipulation, Vietnam has not issued travel documents for Petitioner.

**(i)** Respondents have scheduled a removal flight to Vietnam at the end of April. Petitioner has not been added to this manifest because he does not currently have a travel document.

    **2. Hearing.** **<span style="color:red">The hearing currently scheduled for April 15, 2026, will not be vacated.  Counsel for both sides shall appear in person for further oral argument as previously ordered at 10:00 a.m. on that date</span>.**

    **3. Live Witnesses Permitted but not Required.** The Parties have stipulated that no live witness testimony is required, but have also reserved the right to request an evidentiary hearing "should the need arise." Accordingly, each side will be free to call any witnesses they may feel necessary at the hearing.  If no witnesses are called, the Court will resolve the Petition on the stipulated record, supplemental briefing, and oral arguments.

    **4. Supplemental Briefing Schedule.** The Parties shall submit supplemental briefing according to the April 8, 2026 deadline.

    **5. Supplemental Exhibits.** Each Party may file supplemental exhibits in support of their respective supplemental briefs, including but not limited to documentation relating to the travel document request, Petitioner's Order of Supervision, ICE check-in records, and the panel review conducted in December 2025. Supplemental exhibits shall be filed concurrently with the submitting Party's supplemental brief.

    **6. Submission.** Upon completion of the oral arguments on April 15, 2026, the matter shall be deemed submitted for decision unless the Court orders otherwise.

///

**7. Detention Status.** Petitioner shall remain in the custody of Respondents pending resolution of the Petition, unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE