UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LONG TAN NGUYEN,

        Petitioner,

   v.

WARDEN, et al.,

        Respondents.

No. 1:25-cv-01872 WBS EFB

MEMORANDUM AND ORDER

----oo0oo----

Long Van Nguyen, a native and citizen of Vietnam who is being detained in this district by ICE awaiting removal to Vietnam, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.)  On March 13, 2026, the assigned Magistrate Judge filed findings and recommendations, in which he recommends that petitioner's petition for habeas corpus be granted.  (See Docket No. 12.)  Respondents timely filed objections to the Magistrate Judge's findings and objections.  (Docket No. 13.)  After considering the

1

entire file and hearing oral argument on the petition on April 2, and 15, 2026, the court adopts in full the Magistrate Judge's factual findings and adopts in part the Magistrate Judge's recommendations.

I.   Ground One:  Fifth Amendment Due Process

The Magistrate Judge recommended granting petitioner's petition on the ground that that his ongoing detention, which has spanned approximately eight months thus far, violates the Due Process Clause because it has no definite termination point. (See Docket No. 12 at 3-6.)  The court agrees.

"A statute permitting indefinite detention of an alien would raise a serious constitutional problem."  Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  To that end, the Supreme Court has held that detaining a noncitizen for six months after issuing a final removal order is presumptively constitutional, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id. at 701.

Petitioner has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.  He points to the fact that he has not been issued travel documents by the Vietnamese government, despite the United States government having requested those documents in December of last year.  (See Docket No. 22 at 6.) Petitioner also emphasizes that he initially entered the United States as a refugee from Vietnam prior to 1995, and the Vietnamese government has historically "refus[ed] to accept

2

returnees" who left Vietnam before 1995.  (See id. at 4, 9); see also Van Huynh v. Bondi, No. 25-cv-2093 KKE, 2025 WL 3534210, at *1 (W.D. Wash. Dec. 10, 2025) ("Vietnam has long refused to repatriate Vietnamese nationals who came to the United States as refugees prior to 1995."); Ton v. Noem, No. 25-cv-3348 DMG DSR, 2025 WL 4058327, at *5 (C.D. Cal. Dec. 22, 2025) (observing the same).

Respondents have not responded with evidence sufficient to rebut petitioner's showing.  See Zadvydas, 533 U.S. at 701. At oral argument, upon being asked by the court what the status of obtaining petitioner's travel documents from the Vietnamese government was, counsel for respondents responded that the travel-document-request process is a "black hole."  As to petitioner's arguments regarding the non-removability of pre-1995 Vietnamese entrants to the United States, respondents countered, based on a declaration from a deportation officer, only that "the Vietnamese consulate provides travel documents within 2.5-4 months of receiving ICE's [travel document] requests."  (Docket No. 21-1 at 2.)  As counsel for respondents conceded at oral argument, however, this estimate is entirely silent as to whether it "concern[s] pre-1995 Vietnamese immigrants" such as petitioner.  See Tran v. Scott, No. 2:25-cv-01886 TMC BAT, 2025 WL 2898638, at *4 (W.D. Wash. Oct. 12, 2025).  It therefore falls far short of rebutting petitioner's showing.

II.  Grounds Two and Three:  Third-Country Removal

The court is perplexed by petitioner's claims that he will be subject to an unspecified third-country removal order at an equally unspecified time, given that he is already subject to

3

a removal order directing that he be returned to Vietnam, his country of origin (Docket No. 1 at 2).  The court is doubly perplexed by the Magistrate Judge's apparent countenancing of these arguments.  (See Docket No. 12 at 6-9.)

Petitioner lacks standing to raise his third-country removal claims.  It is well-established that constitutional standing requirements apply to habeas petitioners.  See Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (applying standing doctrine within habeas context); I.M. v. U.S. Customs & Border Prot., No. 20-cv-3576 DLF, 2022 WL 266703, at *5 (D.D.C. Jan. 28, 2022), aff'd sub nom. I.M. v. United States Customs & Border Prot., 67 F.4th 436 (D.C. Cir. 2023) (same).  Such a petitioner must "demonstrate standing for each claim he seeks to press."  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006).  To do so, he "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the [respondents]; and (iii) that the injury would likely be redressed by judicial relief."  TransUnion LLC v. Ramirez, 594 U.S. 412, 423 (2021).

Petitioner fails to allege a constitutionally sufficient injury regarding these claims.  There is no third country involved whatsoever in this case, much less a third country to which petitioner may plausibly be removed.  Correspondingly, petitioner's alleged injury of a constitutionally deficient removal to a hypothetical third country at an indeterminate time is far from "certainly impending"; in fact, it is precisely the kind of "possible future injury" the Supreme Court has repeatedly found insufficient to

confer standing.   Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (collecting cases).

Because petitioner has failed to establish standing as to Claims Two and Three of his petition for habeas corpus, he is not entitled to relief on these claims.  See DaimlerChrysler Corp., 547 U.S. at 352.[1]

IV.  Relief

The Magistrate Judge recommended that the court (1) grant petitioner's petition for a writ of habeas corpus, (2) order respondents to immediately release petitioner from custody under the previously imposed conditions of supervision, and (3) enjoin and restrain respondents from revoking petitioner's supervision unless and until they comply with the procedures set forth in the relevant regulatory provisions.  (See Docket No. 12 at 11.)  The court will adopt the Magistrate Judge's recommendations as to the first two grounds for relief, but not as to the third.

First, there is no showing that respondents will, or intend to, revoke petitioner's supervision in the future.  Nor is there any showing that they do not intend to follow the applicable statutes and regulations.  Second, and most importantly, the Supreme Court has stated that, in habeas cases, federal courts have the power to "release" the petitioner and "no other power."  Fay v. Noia, 372 U.S. 391, 430 (1963). Unsurprisingly, numerous district courts within this circuit have observed the same.  See, e.g., Ellawendy v. Monterey Cnty.

---

[1]    Because the court is granting the relief sought in Claim Four, there is no need to address that claim in this Order.

Superior Ct., No. 20-cv-02708 BLF (PR), 2020 WL 5407989, at *2 (N.D. Cal. Sept. 8, 2020) ("[A] habeas court only has the power to release a prisoner. It has no other power." (quotations omitted)); Morales v. Cate, No. 11-cv-05211 EJD (PR), 2015 WL 4196824, at *2 (N.D. Cal. July 10, 2015) ("[A] federal habeas court only has the power to release a prisoner."); Gilroy v. Hawaii, No. 20-cv-00037 JMS RT, 2020 WL 622778, at *3 (D. Haw. Feb. 10, 2020) ("The Supreme Court has held that under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement." (quotations omitted)).

The court accordingly will not grant petitioner's request to enjoin and restrain respondents from revoking his supervision unless and until the relevant criteria have been met.

IT IS THEREFORE ORDERED that petitioner's petition for a writ of habeas corpus (Docket No. 1) be, and the same hereby is, GRANTED.  Respondents are hereby ORDERED to immediately release petitioner from detention under the previously imposed conditions of supervision.

Dated:  April 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6